ORIGINAL

# In the United States Court of Federal Claims

No. 13-790C
(Filed: January 16, 2013)

FILED
JAN 1 6 2014
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RODNEY L. ALLEN,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

    Plaintiff, appearing *pro se,* filed a complaint asking for review of the Western District of North Carolina's and the Fourth Circuit's decisions not to grant him a sentence reduction for his conviction for conspiracy to distribute cocaine. He seeks compensatory damages for the physical and emotion strain caused by the denial of his request for a sentence reduction and $250,000 from the various federal judges and the federal public defender involved in his criminal case.[1] Defendant has moved to dismiss for lack of jurisdiction. Plaintiff's response was due on January 6, 2014. Plaintiff has not filed a response, but we need not wait for one because it is clear on the face of the complaint that we lack jurisdiction to provide plaintiff the relief he seeks. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    This court does not sit in review of the district courts nor the courts of appeals and thus has no power to order those courts to take any action. *See Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir. 1994). Nor do we have jurisdiction over criminal matters. *Id.* This court has jurisdiction to hear

---

[1] Plaintiff also filed a motion to proceed *in forma pauperis.* For good cause shown, we grant that motion.

claims for money against the federal government grounded upon a constitutional, statutory, regulatory, or contractual right to that money. 28 U.S.C. § 1491(a) (2006); see *United States v. Mitchell*, 463 U.S. 206, 218 (1983). Plaintiff, in his complaint, cites a variety of statutes, such as the Federal Tort Claims Act, civil rights statutes, sentencing guidelines, and those dealing with the imposition of federal sentences. We have reviewed each of them, and none of them provide the basis of a claim in this court.[2] The claims against federal judges and the public defender are likewise not to be reviewed here because this court hears only cases against the United States and "not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. §. 1491(a)).

Plaintiff has failed to plead any facts which might give rise to a cause of action in this court. We must therefore dismiss. Defendant's motion to dismiss is granted. Accordingly, the clerk of court is directed to dismiss the complaint for lack of jurisdiction. No costs.

ERIC G. BRUGGINK
Judge

---

[2] Jurisdiction over tort claims is explicitly excluded from this court's purview. 28 U.S.C. § 1491(a) (excluding claims "sounding in tort").